UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIME SALLE,

    Plaintiff,

vs.                                    CASE NO.:  2:15-CV-229

NIRVANA INVESTMENTS LLC and
ADRIAN JACOBS,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AND
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 12(b), Fed. R. Civ. P. ("Rule(s)") and Local Rule 3.01, Defendants, Nirvana Investments LLC and Adrian Jacobs ("Mr. Jacobs"), file this Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint"), and in support thereof states as follows:

1.    Plaintiff, Jaime Salle ("Mr. Salle") initiated this action by filing a Complaint against Defendants seeking relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (counts one, two and three).

2.    This Court's federal-question jurisdiction is invoked for Mr. Salle's claims under the FLSA, *see* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    The minimum wage and overtime provisions of the FLSA apply only where a plaintiff can demonstrate individual coverage or enterprise coverage.  Mr. Salle does not plead any facts for which relief can be granted. Moreover, Mr. Salle could not amend his pleading to include additional facts for which he could be granted relief under the FLSA, 29 U.S.C. § 201 *et*

*seq.*, under either form of coverage. Accordingly, his FLSA claims should be dismissed with prejudice.

## MEMORANDUM OF LAW

### I.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6),[1] "a complaint must state a 'plausible' claim for relief." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). The district court must "accept all factual allegations in the complaint as true," but does "not apply this rule to legal conclusions." *Id.*

### II.   Analysis

**The Court Should Dismiss Mr. Salle's FLSA Claims With Prejudice Because Neither Individual Nor Enterprise Coverage Exist.**

A claim for relief under the FLSA requires an employee to plead that he is "covered" by the statute, *i.e.* that either "individual coverage" or "enterprise coverage" exist. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

Individual coverage requires a plaintiff to show that he "was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). To be "engaged in commerce" under the FLSA, an employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication

---

[1] It is not entirely clear whether a challenge to coverage under the FLSA should be considered an attack on the merits or on jurisdiction, and thus whether Rule 12(b)(6) or (b)(1) applies. *See Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 n.5 (11th Cir. 2008) (per curiam). The distinction is immaterial because even if coverage is jurisdictional, the jurisdiction and merits are intertwined. *Id.* at 882. Thus, the Rule 12(b)(6) standard applies in either event. *Id.*; *see also Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261, 1266 n.11 (11th Cir. 1997).

-3-

industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* The applicable Department of Labor regulations require that such use of the instrumentalities of interstate commerce be a regular and recurrent part of an employee's duties to be subject to individual coverage, and isolated and sporadic instances will not suffice. 29 C.F.R. § 776.10.

Enterprise coverage requires a plaintiff to show that he is "'employed in an enterprise engaged in commerce or in the production of goods for commerce[.]'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011) (quoting 29 U.S.C. § 207(a)(1)). For these purposes, "commerce means 'trade, commerce, transportation, transmission, or communication *among the several States or between any State and any place outside thereof*,'" and "enterprise" means "the activities performed by a person or persons who are (1) engaged in 'related activities,'(2) under 'unified operation or common control,' and (3) have a 'common business purpose.'" *Id.* at 1299 (citing 29 U.S.C. § 203(b) and (r)(1))(emphasis added). An enterprise is defined to be

> engaged in commerce or in the production of goods for commerce if it
>
> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

*Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i)–(ii)).

In this case, Mr. Salle alleges in purely conclusory fashion that "ADRIAN JACOBS was an employer as defined by 29 U.S.C. 201 et. seq."; that "Plaintiff was an 'employee' of Defendants within the meaning of FLSA"; that "Defendants were the 'employer' within the

meaning of FLSA"; and that "Defendants were, and continue to be 'employers' within the meaning of FLSA." *See* Complaint at ¶¶ 10-13. Likewise, Plaintiff alleges generally that either or both enterprise or individual coverage exists. *See* Complaint at ¶¶ 14-18. Plaintiff does not allege *any* facts which would support that either individual or enterprise coverage exists. To the contrary, Mr. Salle alleges that he worked "as a nonexempt car wash attendant" for a period of approximately four months. Complaint, ¶ 21. Thus, Mr. Salle concedes that he was employed in the capacity of a car wash attendant performing *intrastate* activity at an isolated car wash in Lee County, Florida. Accordingly, his FLSA claim is due to be dismissed.

In *Jimenez v. S. Parking, Inc*, the District Court for the Southern District of Florida analyzed whether individual or enterprise coverage apply in a case involving an individual who worked hourly washing cars. *Jimenez v. S. Parking, Inc.,* No. 07-23156-CIV, 2008 WL 4279618 (S.D. Fla. Sept. 16, 2008). Ultimately the Court concluded that individual coverage under the FLSA does not apply as a matter of law because no facts exist to counter the conclusion that plaintiff's activity of washing cars was purely local in nature. *Id*. at 8. Here, Plaintiff was a "car wash attendant." Complaint, ¶ 21. There are no factual allegations that Plaintiff engaged in interstate commerce by working as a car wash attendant; nor are there any factual allegations that the Lee County car wash is anything more than a local service business.

In Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012), the Court analyzed whether an FLSA complaint was sufficiently pled to withstand a motion to dismiss. In dismissing the Complaint, the Court reasoned:

> The primary problem is that the Complaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation

services Aventura Limousine provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required.

Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (internal citation omitted).

Similarly, this Court has explained:

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir.2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir.2008).

Here, Santiago has not adequately alleged that Defendants were engaged in interstate commerce. While the Complaint does allege that Defendants were "an enterprise engaged in the production of goods for commerce," and that Defendants had employees "handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce" the Complaint does not provide any factual support for these allegations. The Complaint does not allege the nature of Defendants' business, how that business engaged in interstate commerce, or how Santiago and Defendants' other employees engaged in interstate commerce. Accordingly, the Complaint amounts to no more than a "threadbare recital of the elements" rejected by the Supreme Court in *Iqbal.* Therefore, the Complaint is dismissed for failure to state a claim upon which relief can be granted.

Santiago v. Gold2Cash, Inc., No. 2:14-CV-233-FTM, 2014 WL 5590820, at *2 (M.D. Fla. Nov. 3, 2014)(internal document citation omitted).

Dismissal with prejudice is appropriate because amendment would be futile. Mr. Salle could not in good faith allege any basis for individual coverage in his intrastate performance as a car wash attendant. Nor does Mr. Salle, nor could he in good faith allege, that Mr. Jacobs and/or Nirvana Investments LLC is engaged in commerce *among the several States or between any State and any place outside thereof* as a threshold requirement to enterprise coverage.

Defendants' do not employ employees engaged in commerce or the production of goods for commerce in Defendants' operation of a Lee County car wash.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and dismiss this action with prejudice.

WHEREFORE, Defendants respectfully request this Court enter an Order granting this Motion and dismissing counts one, two and three of Mr. Salle's Complaint with prejudice.

Respectfully submitted this 13th day of August, 2015.

>ROGERS TOWERS, P.A.
>
>By: s/ P. Brandon Perkins
>P. Brandon Perkins
>Florida Bar No.568635
>13350 Metro Parkway, Suite 301
>Fort Myers, Florida 33908
>(239) 425-1760 (telephone)
>(239) 425-1790 (facsimile)
>bperkins@rtlaw.com (email)
>kperkins@rtlaw.com (email)
>cgibson@rtlaw.com
>Attorneys for Defendants Nirvana Investments LLC and Adrian Jacobs

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Motion to Dismiss and Supporting Memorandum of Law* has been filed electronically with the Court via CM/ECF with a copy served automatically via email on Bill B. Berke, Esq. Florida Bar No. 0558011, 4423 Del Prado Blvd. S., Cape Coral, FL 33904, berkelaw@yahoo.com, on this 13th day of August, 2015.

>s/ P. Brandon Perkins
>Attorney

JAX\1985047_2