```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JAIME SALLE, on behalf of himself and others similarly situated,

        Plaintiff,

v.                                    Case No: 2:15-cv-229-FtM-29MRM

NIRVANA INVESTMENTS LLC, a limited liability company and ADRIAN JACOBS, individually,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss (Doc. #24) filed on August 13, 2015. Plaintiff filed a Response (Doc. #26) on August 26, 2015. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Jaime Salle (Plaintiff or Salle), on behalf of himself and other similarly situated individuals, has filed a Complaint (Doc. #1) against Defendants Nirvana Investments LLC (Nirvana) and Adrian Jacobs (Jacobs) for recovery of minimum wage and overtime compensation pursuant to the Fair Labor Standards Act (FLSA). Salle alleges that Jacobs managed, operated, and controlled the finances of Nirvana, which employed Salle as car wash attendant from January 2015 to April 2015. According to

Salle, he was paid an hourly rate, was not exempt from overtime, and was not paid the FLSA-mandated one-and-one-half times his normal hourly rate for all hours worked above forty per week. Defendants now move to dismiss the Complaint, arguing that Salle has not adequately alleged that Nirvana was engaged in interstate commerce, a prerequisite for FLSA liability. Salle contends that his FLSA claims are adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Here, Salle has not adequately alleged that Defendants were engaged in interstate commerce. While the Complaint does allege

that Defendants were "an enterprise engaged in commerce," that Defendants employed individuals "handling, selling, or otherwise working on goods or materials that had been moved in or produced in commerce," and that Plaintiff "was engaged in the production of goods for commerce" (Doc. #1, ¶¶ 14-18), the Complaint does not provide any factual support for these allegations. The Complaint does not allege the nature of Defendants' business, how that business engaged in interstate commerce, or how Salle and Defendants' other employees engaged in interstate commerce. Accordingly, the Complaint amounts to no more than a "threadbare recital of the elements" rejected by the Supreme Court in Iqbal. Therefore, the Complaint is dismissed for failure to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #24) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

4