```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JAIME SALLE, on behalf of
himself and others similarly
situated,

      Plaintiff,

v.                                Case No: 2:15-cv-229-FtM-29MRM

NIRVANA INVESTMENTS LLC, a
limited liability company
and ADRIAN JACOBS,
individually,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss and in the Alternative Motion for Summary Judgment (Doc. #30) filed on September 28, 2015. Plaintiff filed a Response (Doc. #32) on October 12, 2015. For the reasons set forth below, the Motion to Dismiss is denied and the Motion for Summary Judgment is taken under advisement.

**I.**

Plaintiff Jaime Salle (Plaintiff or Salle), on behalf of himself and other similarly situated individuals, has filed an Amended Complaint (Doc. #28) against Defendants Nirvana Investments LLC (Nirvana) and Adrian Jacobs (Jacobs) for recovery of minimum wage and overtime compensation pursuant to the Fair Labor Standards Act (FLSA). Salle alleges that Jacobs managed,

operated, and controlled the finances of Nirvana, which employed Salle as car wash attendant from January 2015 to April 2015. According to Salle, he was paid an hourly rate, was not exempt from overtime, and did not receive minimum wage and overtime compensation as required by the FLSA. Defendants now move to dismiss the Complaint, arguing that nether Nirvana nor Salle is covered by the FLSA. In the alternative, Nirvana moves for summary judgment on the same basis. Salle contends that his FLSA claims are adequately pled and that summary judgment is inappropriate at this stage because he has not had the opportunity to conduct discovery.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in

interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Only the second element is at issue here. Defendants argue that Salle has not plausibly alleged that he engaged in interstate commerce (commonly known as "individual coverage") or that Nirvana engaged in interstate commerce (commonly known as "enterprise coverage").

**A.   Individual Coverage**

An employee is engaged in interstate commerce for the purposes of the FLSA if he "directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel. Thorne v. All Restoration Servs., 448 F.3d 1264, 1266 (11th Cir. 2006).

Salle alleges that he was engaged in interstate commerce because he "he prepared, handled and worked on materials that had moved in interstate commerce and washed and detailed out-of-state vehicles that had moved in interstate commerce and employees handled credit card transactions that involve the interstate banking and finance system." (Doc. #28, ¶ 17.) Salle further alleges that his duties as a car wash attendant included "drying

4

cars after the automatic car wash, detailing cars, selling products, working on car wash equipment and maintenance [of] property." (Id. at ¶ 22.)

Salle's allegations that he used materials that had traveled in interstate commerce and washed vehicles that had moved in interstate commerce are insufficient to allege that Salle himself was engage in interstate commerce. "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act." Thorne, 448 F.3d at 1267; see also Dunlop v. Industrial America Corporation, 516 F.2d 498, 499 (5th Cir. 1975) (finding no FLSA coverage where employees used gasoline, oil, and vehicles which had previously moved in interstate commerce)[1]; Jacobs v. Dolanlil, Inc., No. 08-CV-2071, 2010 WL 1730807, at *4 (M.D. Fla. Apr. 12, 2010) ("By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce."), report and recommendation adopted, 2010 WL 1730805 (M.D. Fla. Apr. 27, 2010); Jimenez v. S. Parking, Inc., No. 07-CV-23156, 2008 WL 4279618, at *8 (S.D. Fla. Sept. 16, 2008) ("Evidence that the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

plaintiff has used supplies and equipment that have once moved in interstate commerce is insufficient to qualify him for coverage.").

Although conducting credit card transactions may qualify as using an instrumentality of interstate commerce, Thorne, 448 F.3d at 1267 (recognizing that while there is "no binding authority which holds that credit card transactions constitute an instrumentality of interstate commerce," a Department of Labor opinion letter states that regular handling of credit card transactions is sufficient), Salle does not allege that handling credit card transactions was a "regular and recurrent" part of his duties as a car wash attendant. Id. at 1266. Indeed, Salle alleges only that unspecified Nirvana "employees" handled credit card transactions, and Salle's description of his duties as a car wash attendant does not mention such transactions. (Doc. #28, ¶¶ 17, 22.) Thus, the allegations in the Amended Complaint could not support a finding that Salle himself engaged in interstate commerce. Consequently, Salle has not adequately alleged the existence of individual coverage under the FLSA.

**B.   Enterprise Coverage**

FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

6

for commerce." 29 U.S.C. § 203(s)(1)(A). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." Id. Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 07-CV-2359, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). This includes a purely "local business if the business meets the annual gross value requirement and employs workers who handle goods or materials that have moved or been produced in interstate commerce." Id.

Salle alleges that Nirvana is an enterprise engaged in interstate commerce and that Nirvana's annual gross revenue exceeded $500,000 during the time he was employed there. (Doc #28, ¶¶ 14, 18.) Salle further alleges that Nirvana had employees handling, selling, or otherwise working with "machines, equipment, tools, supplies, and cleaners" which had previously moved in interstate commerce, and that Nirvana "employees handled credit card transactions that involve the interstate banking and finance system." (Id. at ¶¶ 16-17.) Taken as true, these allegations are sufficient to satisfy the interstate commerce component of enterprise coverage. Daniel, 2008 WL 793660, at *2. Regarding the revenue component, Nirvana contends that the Court need not accept Salle's conclusory allegation that its annual gross revenue

7

exceeds $500,000. However, at the pleading stage "bare bones [revenue] allegations are acceptable for enterprise coverage" because an employee cannot be expected to have specific knowledge of his employer's finances. Id. Thus, the Court concludes that Salle has adequately alleged the existence of FLSA enterprise coverage and, as a result, Defendants' motion to dismiss must be denied.

In the alternative, Defendants move for summary judgment on the issue of enterprise coverage, arguing that Nirvana's tax returns, provided as exhibits to Defendants' motion (Docs. ##30-2; 30-3), conclusively demonstrate that its annual gross revenue does not exceed the $500,000 threshold for enterprise coverage. Absent contradictory evidence, tax returns are sufficient to demonstrate an FLSA defendant's annual gross volume of sales made or business done. E.g., Thompson v. Robinson, Inc., No. 06-CV-771, 2007 WL 2714091, at *4 (M.D. Fla. Sept. 17, 2007); Lopez v. Top Chef Inv., Inc., No. 07-CV-21598, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007). However, as the parties have not yet commenced discovery, Salle will be given an opportunity to assess the accuracy and completeness of Nirvana's financial records. Accordingly, the Court will take Defendants' Motion for Summary Judgment under advisement for a period of sixty days. During that time, Salle may conduct discovery regarding Nirvana's annual gross volume of sales made or business done. Within fourteen days of

the close of this limited discovery period, Salle may file a supplemental response to Defendants' Motion for Summary Judgment.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss and in the Alternative Motion for Summary Judgment (Doc. #30) is **DENIED IN PART and TAKEN UNDER ADVISEMENT IN PART**.

2. Defendants' Motion to Dismiss is **DENIED.**

3. Defendants' Motion for Summary Judgment is **TAKEN UNDER ADVISEMENT**. Plaintiff may conduct limited discovery as set forth herein for a period of **sixty (60) days**. Within **fourteen (14) days** thereafter, Plaintiff shall file a supplemental response to Defendants' Motion for Summary Judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record